UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

LUIS ALEJANDRO ACOSTA CUBIDES,

    Petitioner,

v.

                                No. 6:26-CV-142-H

ROBERT CERNA, et al.,

    Respondents.

## ORDER

The Fifth Circuit held recently that aliens who arrive in the United States or who are present in the country without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. §§ 1225(a)(1), (b)(2)(A). Luis Alejandro Acosta Cubides, a native and citizen of Venezuela, is one such alien, having applied for admission without valid documentation nearly two years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the Fifth Amendment's Due Process Clause. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Acosta Cubides are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the facts and legal arguments presented in this petition are indistinguishable from those addressed by the Court in many prior cases, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C.

§ 2243.[1] Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

## 1.    Background

In 2024, Acosta Cubides applied for admission at Calexico, California. Dkt. No. 1-2 at 3. At the same time, he was issued a Notice to Appear charging him with removability as an alien not in possession of a valid entry document. *Id.* Apparently, Acosta Cubides was then released into the United States and, at some point, was apprehended by immigration officials. His petition offers few facts. But we do know that Acosta Cubides is currently detained without bond at the Eden Detention Center in Eden, Texas. Dkt. No. 1 ¶ 1.

It is not clear whether Acosta Cubides has sought a bond hearing from an immigration judge. Even so, immigration judges are bound by the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado* to deny such requests for lack of jurisdiction. 29 I. & N. Dec. 216 (BIA 2025). That is because *Yajure Hurtado* holds that applicants for admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. *Id.* at 220.

Because no immigration judge will grant bond, Acosta Cubides seeks a writ of habeas corpus. *See* Dkt. No. 1. The petition states a single claim for relief: detaining Acosta Cubides without bond allegedly violates his procedural due process rights. *Id.* ¶¶ 37–46.

---

[1] *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

2. **Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

3. **Analysis**

Acosta Cubides argues that the government's refusal to provide a bond hearing violates his procedural due process rights. Dkt. No. 1 ¶¶ 37–46. The Court has repeatedly rejected identical due process arguments. *See supra*, note 1. But because *Buenrostro-Mendez* did not directly address this question, the Court turns to Acosta Cubides' arguments to determine whether mandatory detention without bond violates the Due Process Clause.[2] The answer is no.

Acosta Cubides seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 ¶¶ 29, 35–46. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme

---

[2] Acosta Cubides does not raise a statutory challenge, likely because it is foreclosed by binding precedent. *See* Dkt. No. 1 ¶¶ 5–6; *Buenrostro-Mendez*, 166 F.4th at 498.

Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, 814 F. Supp. 3d 712, 725 (N.D. Tex. 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." (quotation omitted)). Critically, aliens who are released into the country pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Acosta Cubides has "only those rights regarding admission that Congress has provided by statute." *Id.* at 140; *Landon*, 459 U.S. at 32. With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have

concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Thus, Acosta Cubides is not entitled to a bond hearing as a matter of procedural due process.[3]

### 4.    Conclusion

In short, Acosta Cubides, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. The Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on April 28, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[3] A substantive due process claim fares no better. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12.